

**FILED & ENTERED**

**APR 01 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** kaaumoan **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>STEVEN MASSEI and<br>MARTHA MASSEI,<br><br><br>                                    Debtor(s).<br><br>LIANA  HARMANDJIAN,<br><br>                                    Plaintiff(s),<br>    v.<br><br><br>STEVEN  MASSEI,<br><br><br>                                    Defendant(s). | CHAPTER 7<br><br>Case No.: 2:17-bk-18996-WB<br>Adv No:   2:18-ap-01249-WB<br><br>**ORDER GRANTING MOTION TO VACATE DISMISSAL UNDER RULE 60(b)**<br><br>Date:         February 26, 2019<br>Time:        2:00 PM<br>Courtroom: 1375 |

At the above-captioned date and time, the Court held a hearing on the plaintiff Liana Harmandjian's ("Plaintiff") Motion to Set Aside Order of Dismissal (the "Motion") (Docket No. 14).  Appearances were made as reflected on the record.  The Court heard oral argument and took the matter under advisement.  Based on the pleadings, evidentiary record, and oral argument of counsel, and for the reasons that follow, the Court now issues this order granting the Motion.

**BACKGROUND**

On August 3, 2018, Plaintiff, pro se, filed a document entitled "#62 Object to discharge Debts of Steve and Martha Massei" against debtors Steven Massei and Martha Massei ("Mrs. Massei") (collectively, the "Debtors"). The Court docketed this matter as an adversary proceeding and assigned it case number 2:18-ap-1249 (the "Complaint"). The Complaint asserts that no discharge should be allowed under §§ 727(a)(8) or (9). The Complaint has no allegations against Mrs. Massei. On the Adversary Proceeding Cover Sheet, Plaintiff checked the box for a dischargeability action under § 523(a)(2). Debtors, pro se, filed an answer on September 5, 2018. On October 8, 2018, attorney Andrew Smyth ("Mr. Smyth") substituted in as counsel for Debtors and filed a Joint Status Report. The Court held the initial status conference in this adversary proceeding on October 9, 2018. Mr. Smyth represented Debtors and Plaintiff appeared at the status conference on her own behalf.

At the status conference, the Court, counsel and Plaintiff addressed the allegations of the complaint, whether deadlines for completing discovery should be set, and whether Plaintiff intended to proceed with a § 523 action in addition to her request that Debtors be denied a discharge under § 727. Plaintiff stated that she wanted to pursue a § 523 action as well and that she wanted to retain counsel to assist her. Debtors stipulated on the record to allow Plaintiff leave to file an amended complaint. At the hearing, the Court ordered Plaintiff to file an amended complaint by November 9, 2018 and set a continued status conference for November 13, 2018. On October 10, 2018, the Court entered an order directing Plaintiff to amend the complaint by November 9, 2018 and continuing the status conference. This order was served on Plaintiff at her address of record, the address she listed on her Complaint.

Plaintiff did not file an amended complaint by November 9, 2018 or at any time thereafter. The Court held a continued status conference on November 13, 2018. Neither Plaintiff nor Debtors appeared for the status conference. Following the hearing, the Court issued an order directing Plaintiff to show cause why the Complaint should not be dismissed due to: (1) Plaintiff's unexcused absence at the November 13 hearing; and (2) Plaintiff's failure to amend the Complaint pursuant to the October 10, 2018 order (the "OSC") and setting the matter for

1  hearing on December 4, 2018.  Plaintiff failed to file a response to the OSC and failed to appear
2  at the hearing on the OSC.  The Court also continued the status conference to December 4, 2018.
3  This order was served on Plaintiff at her address of record in this case.  Mr. Smyth appeared at
4  the OSC hearing and continued status conference on December 4, 2018.  Plaintiff did not
5  respond to the OSC in any way or appear at the hearing.  On December 14, 2018, the Court
6  entered the order dismissing the Complaint ("Dismissal Order") due to Plaintiff's lack of
7  prosecution of the adversary proceeding.

8  On January 24, 2019, Plaintiff filed the Motion for relief from judgment, stating
9  alternatively that she neglected to appear at the OSC and that she did not have notice of the OSC.
10 In any event, she claims that her failure was not intentional.  She stated that she is a single
11 mother with most of her time and budget dedicated towards her disabled child's needs.  Plaintiff
12 further stated that she has now since retained counsel to handle the matter.  Plaintiff further
13 asserts that she will be prejudiced if she cannot proceed with the adversary proceeding and that
14 Debtors will not be prejudiced if she is allowed to proceed because only a short time has elapsed
15 since dismissal.

**DISCUSSION**

17 A motion for relief from an order is made pursuant to Federal Rule of Civil Procedure 60,
18 as incorporated by Federal Rule of Bankruptcy Procedure 9024.  Federal Rule of Civil Procedure
19 60(b) provides for relief based on, among other things, mistake, inadvertence, surprise, or
20 excusable neglect or any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1).

21 The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507
22 U.S. 380, 387–397 (1993) articulated the following four factors to assist in the determination of
23 whether or not neglect is excusable: the danger of prejudice to the opposing party, the length of
24 the delay and its potential impact on judicial proceedings, the reason for the delay, including
25 whether it was within the reasonable control of the movant, and whether the movant acted in
26 good faith.  *Pioneer* requires that the issue of excusable neglect be determined in the context of
27 the particular case.  *Pincay v. Andrews,* 389 F.3d 853, 859 (9th Cir. 2004) (stating that the
28 "question is whether there [is] enough in the context of [the] case to bring a determination of

excusable neglect within the ... court's discretion"). The burden of presenting facts demonstrating excusable neglect is on the movant. *In re Cahn,* 188 B.R. 627, 631 (9th Cir. BAP 1995). Because *Pioneer's* four factors are non-exclusive, the court is permitted to take "account of all relevant circumstances surrounding the party's omission" in making an equitable determination. *Pioneer,* 507 U.S. at 395; *see Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 n. 2 (9th Cir. 1997) (noting that "we will ordinarily examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of other factors"). *Pioneer* mandated a balancing test for divining excusable neglect, but *Pioneer* did not assign the weight to be accorded by the court to each of its non-exclusive factors in making an equitable determination. *See Pincay,* 389 F.3d at 860 (stating that "we leave the weighing of *Pioneer's* equitable factors to the discretion of the ... court in every case"); *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir. 2000) (stating that "[t]he four *Pioneer* factors do not carry equal weight"), *cert. denied,* 531 U.S. 929 (2000).

      Plaintiff asserts that her failure to appear at the December 4, 2018 hearing on the OSC was due to excusable neglect. Plaintiff contends that the dismissal "was excused" because Plaintiff neglected to appear at the OSC.

      The Court turns its examination to the *Pioneer* factors as they apply here. The first factor—danger of prejudice to the opposing party—weighs in favor of Plaintiff. The deadline to object to discharge and/or dischargeability expired on August 3, 2018. Aside from Plaintiff's complaint, no other party commenced an adversary proceeding objecting to Debtors' discharge or the dischargeability of a particular debt. The chapter 7 trustee filed his report of no distribution on August 6, 2018. In the present case Debtors allege no prejudice except that which may result from further delay in obtaining their discharge. However, the possibility of prejudice from delay, which is inherent in every case, is not sufficient in itself to require denial of Rule 60(b)(1) motion. *See Hiberia Nat'l Bank,* 776 F.2d 1277, 1280 (5th Cir. 1985).

      The second factor – length of delay and its impact on judicial proceedings—weighs generally in Plaintiff's favor given the early nature of the case and the short time frames between the continued status conference, the OSC hearing, and the Motion hearing.

The third factor—the reason for the delay and movant's reasonable control over it—weighs against granting the requested relief. Plaintiff has not presented any reason for her failure to file the amended complaint she intended to file, appear at the November 13, 2018 status conference, respond to the OSC or appear at the OSC hearing on December 4, 2018. Instead, Plaintiff makes the conflicting statements that she neglected to appear at the OSC hearing and she did not have notice of the hearing. Both cannot be true. Further, Plaintiff does not address why she failed to appear at the November 13 hearing or file an amended complaint. At the October 9, 2018 status conference, the Court informed Plaintiff of the deadline to file an amended complaint and of the continued hearing date. The Court issued an order the following day which was served on Plaintiff with the same information. The OSC was likewise served on Plaintiff at her address of record. The Court finds not credible Plaintiff's statement that she did not receive notice of the OSC hearing. Further, she failed to appear at the November 13 status conference to prosecute her case, or even to request more time if she required it. Thus, the Court finds the reason for the delay inadequate.

The fourth factor—good faith—is neutral. The evidence submitted indicates that Plaintiff failed to appear at any hearing after the initial status conference and failed to respond to the Court's order to show cause. While the evidence may not demonstrate Plaintiff timely prosecuted her case, the evidence also does not demonstrate bad faith. The Ninth Circuit has found a party's errors to be in good faith when they result "from negligence and carelessness, not from deviousness or willfulness." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). The evidence here shows that Plaintiff's errors resulted from both a degree of carelessness and a degree of willfulness. Thus, this factor is neutral.

After weighing the *Pioneer* factors, there being no prejudice to Debtors, the delay was short and there was no bad faith, the Court finds that the totality of the factors tip in favor of Plaintiff. Plaintiff has established her burden that her failure to appear at the OSC hearing and respond to the OSC was the result of excusable neglect.

**CONCLUSION**

Because the equities in this case weigh in favor of Plaintiff, the Rule 60(b)(1) motion is granted. This Order constitutes the Court's findings of fact and conclusions of law.

###

Date: April 1, 2019

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge

-6-